IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HAZEM ALGHANMIYEEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. _____ |
| | ) |
| SUMMER FUEL LLC, | )   JURY DEMAND |
| AHMED ABDELHAMID, | ) |
| ABDELHAMID ABDELHAMID, | ) |
| WAHAB SALAM, and BILAL | ) |
| WAHAB, | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

Plaintiff, Hazem Alghanmiyeen ("Mr. Alghanmiyeen"), by and through counsel, hereby brings this Complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the law of the State of Tennessee against Summer Fuel LLC; its owners, Wahab Salam ("Salam") and Bilal Wahab ("Wahab"); and its Managers, Ahmed Abdelhamid ("Ahmed") and Abdelhamid Abdelhamid ("Abdelhamid") (collectively "the Defendants"). As alleged herein, the "Defendants" have systematically and knowingly violated the rights of Mr. Alghanmiyeen in multiple respects, giving rise to federal and state law claims.

### I.    NATURE OF THE ACTION

1.    Mr. Alghanmiyeen brings this action under the FLSA. As described herein, the Defendants systemically and knowingly cheated Mr. Alghanmiyeen out of his wages, including failing to pay the promised base wage rate, failing to pay overtime, reducing or deleting hours,

manipulating and failing to maintain wage records, and otherwise intentionally cheating Mr. Alghanmiyeen out of his pay.

## II.   Parties

2. Plaintiff, **Hazem Alghanmiyeen** ("Mr. Alghanmiyeen"), was a citizen and resident of Shelby County, Tennessee when he was employed by the Defendants.

3. Defendant, **Summer Fuel LLC** ("Summer Fuel"), is Tennessee Limited Liability Company with its principle place of business in Shelby County, Tennessee. Upon information and belief, Summer Fuel is owned by **Wahab Salam** and **Bilal Wahab** and may be served via its Registered Agent, Ryan Spickard, at 1470 Monroe Ave., Memphis, Tennessee, 38104-6732. At all times hereinafter mentioned, Summer Fuel engaged in the operation of a gas station.

4. Upon information and belief, Defendant, **Ahmed Abdelhamid** ("Ahmed") resides in and/or regularly transacts business within Shelby County, Tennessee. At all relevant times, Ahmed acted in the interest of Summer Fuel in relation to its employees and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. §203(d).

5. Upon information and belief, Defendant, **Abdelhamid Abdelhamid** ("Abdelhamid"), resides in and/or regularly transacts business within Shelby County, Tennessee. At all relevant times, Abdelhamid acted in the interest of Summer Fuel in relation to its employees and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. §203(d).

6. Abdelhamid and Ahmed are herein referred to collectively as "The Abdelhamid Brothers."

7. Upon information and belief, Defendant, **Wahab Salam** ("Wahab"), resides in and/or regularly transacts business within Shelby County, Tennessee. At all relevant times, Wahab

acted in the interest of Summer Fuel in relation to its employees and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. §203(d).

8. Upon information and belief, Defendant, **Bilal Wahab** ("Bilal"), resides in and/or regularly transacts business within Shelby County, Tennessee. At all relevant times, Bilal acted in the interest of Summer Fuel in relation to its employees and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. §203(d).

### III.   Jurisdiction and Venue

9. All acts or omissions giving rise to this dispute took place in Shelby County, Tennessee.

10. This Court has federal question jurisdiction under 28 U.S.C.A. § 1331 as this case is brought under The Fair Labor Standards Act, 29 U.S.C.A. §§ 201 to 219 ("FLSA"), and supplemental jurisdiction over the state law claims under 28 U.S.C.A. § 1367.

11. This Court is the proper venue to hear this dispute. All of the Defendants reside in the Western District of Tennessee and all or substantially all of the events or omissions giving rise to Alghanmiyeen' claims occurred in Shelby County, Tennessee. *See* 28 U.S.C.A. § 1391.

### IV.   Facts

12. Summer Fuel is a gas station at 2389 Summer Avenue, Memphis, Tennessee, 38112.

13. From April 15, 2019 to August 7, 2019 Mr. Alghanmiyeen worked at Summer Fuel as a cashier. Mr. Alghanmiyeen's job duties included completing purchase transactions with Defendants' customers for retail items and gasoline, maintaining cleanliness of the store, and stocking retail items.

14. At all relevant times, Wahab and Bilal were the owners/members of Summer Fuel. They guided company policy, instructed managers regarding job duties, exercised operational control, and served as the ultimate decision makers regarding the operation of Summer Fuel.

15. At all relevant times, The Abdelhamid Brothers held managerial responsibilities at Summer Fuel and exercised supervisory authority over Mr. Alghanmiyeen. At all relevant times, they had substantial control of the terms and conditions of Mr. Alghanmiyeen's work.

16. Defendants were the FLSA employer for Mr. Alghanmiyeen's period of employment from April 15, 2019 to August 7, 2019 ("the Relevant Time Period").

17. At the outset of his employment, Defendants promised Mr. Alghanmiyeen a wage rate of $11/hour.

18. During the relevant time period, Mr. Alghanmiyeen consistently worked over 40 hours per week, typically working an average of seventy-five (75) hours per week. In those weeks, he was paid in cash by either Ahmed or Abdelhamid. Mr. Alghanmiyeen was only paid between $670 to $870 each week, dramatically less than the amount he was properly owed.

19. During the relevant time period, Mr. Alghanmiyeen was only paid in cash by Ahmed or Abdelhamid. The Defendants provided Mr. Alghanmiyeen with a punch time card that he used to track his hours. The Defendants would look at the time card, estimate the hours Mr. Alghanmiyeen worked that week, and then decide how much to pay him. The Defendants withheld no federal taxes or other mandatory withholdings and did not provide Mr. Alghanmiyeen with any pay stubs or other payment records.

20. Mr. Alghanmiyeen consistently asked to be put on the Defendants' payroll, but Defendants refused.

21. Even after Mr. Alghanmiyeen was given time cards to use, he was still not provided pay stubs or other payment records indicating how his wages were calculated or any amounts withheld.

22. Collective **Exhibit A** hereto contains pictures of time cards from the relevant period evincing the hours Mr. Alghanmiyeen worked. One week in May, Mr. Alghanmiyeen worked over seventy (70) hours in six days. One week in June, Mr. Alghanmiyeen worked over seventy-five (75) hours in six days. One week in July, Mr. Alghanmiyeen worked over fifty-three (53) hours in six days.

23. At the end of the relevant period, Defendants demanded that Mr. Alghanmiyeen "chase off" any persons believed to be stealing from the store.

24. For fear of his life, Mr. Alghanmiyeen refused to come out from behind the bullet proof glass at the cash register, leave the store, or chase down any assailants. Due to his refusal, Defendants terminated Mr. Alghanmiyeen's employment on August 7, 2019 and failed to pay him for his final week of work.

### IV.   Claims

#### A.   Violation of the Fair Labor Standards Act, 29 U.S.C. § 207

25. Mr. Alghanmiyeen incorporates by reference paragraphs 1-24 of his Complaint as if restated herein.

26. Defendants are employers, as defined by 29 U.S.C.A. § 203, and are otherwise covered by and subject to the provisions of the FLSA.

27. Upon information and belief, Defendants are engaged in business operations affecting interstate commerce. Upon information and belief, Defendants received payments for

services through credit card transactions across state lines and purchased and furnished to customers of Summer Fuel goods and materials that had moved in interstate commerce such as gasoline and cigarettes.

28. During the relevant period, Mr. Alghanmiyeen engaged in business operation affecting interstate commerce.

29. Mr. Alghanmiyeen, during the relevant period, was Defendants' employee as defined by 29 U.S.C.A. § 203 and is otherwise covered by the FLSA. Mr. Alghanmiyeen is not exempt from coverage of any section of the FLSA.

30. During the relevant period, Defendants were required to pay Mr. Alghanmiyeen "a rate not less than one and one-half times the regular rate at which [he was] employed," for all hours worked in excess of forty (40) hours per work week, pursuant to Section 7 of the FLSA.

31. Defendants have failed to pay Mr. Alghanmiyeen one and one-half times his regular wage in excess of forty (40) hours per work week.

32. Failure to compensate an employee engaged in commerce for his employment in excess of forty (40) hours per workweek at a rate not less than one and one-half times the regular rate at which he is employed constitutes unlawful employment practices in violation of Section 207 of the FLSA.

33. Defendants have violated the FLSA by failing to comply with the federal overtime requirements.

34. Defendants willfully and intentionally refused to pay Mr. Alghanmiyeen's overtime wages as required by the FLSA as Defendants knew of the federal overtime wage requirements of

the FLSA and showed reckless disregard for whether their payroll practices were in accordance with the FLSA.

35. As a result of the Defendants' unlawful acts, Mr. Alghanmiyeen has been deprived of overtime compensation in an amount equal to approximately $9,498.88.

### B. Unjust Enrichment/Quantum Meruit

36. Mr. Alghanmiyeen incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

37. Mr. Alghanmiyeen conferred a benefit on the Defendants by performing work for them without receiving full straight-time and overtime compensation.

38. As business owners, Defendants appreciated the value of the benefits conferred upon them by Mr. Alghanmiyeen and accepted those benefits by allowing Mr. Alghanmiyeen to work those hours and, upon information and belief, receiving compensation from its customers during those hours worked.

39. Had Mr. Alghanmiyeen not performed this work, the Defendants would have had to pay someone else to perform that work.

40. Furthermore, the Defendants falsely promised Mr. Alghanmiyeen a particular wage rate to induce him to join the company as an employee. The Defendants also falsely promised to pay overtime for hours worked over forty (40) within a given workweek.

41. Mr. Alghanmiyeen is a working class individual for whom even a modest change in wages has a serious impact.

42. Under the circumstances, it would be unjust and inequitable for the Defendants to be allowed to retain the benefit of Mr. Alghanmiyeen's labor and other benefits conferred without proper and lawful compensation.

### C.   Breach of Contract

43. Mr. Alghanmiyeen incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

44. Defendants offered to hire Mr. Alghanmiyeen and to pay him a certain base wage rate and overtime pay (relative to the promised base wage rate) for hours worked over forty per week.

45. Mr. Alghanmiyeen accepted that offer.

46. The parties therefore formed a valid and enforceable contract.

47. Defendants breached that agreement by failing to pay Mr. Alghanmiyeen full and accurate compensation for both straight-time hours and overtime hours worked.

48. As a result of the breach of contract, Mr. Alghanmiyeen suffered damages in the form of lost wages.

### D.   Promissory Estoppel/Detrimental Alliance

49. Mr. Alghanmiyeen incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

50. Defendants offered to hire Mr. Alghanmiyeen and to pay them a certain base wage rate and overtime pay (relative to the promised base wage rate) for hours worked over forty per week.

51. Defendants' promises were unambiguous.

52. In reliance on the Defendants' promises, Mr. Alghanmiyeen performed work for the Defendants expecting to receive straight-time pay at the promised rate and overtime pay at the promised rate. The Defendants' promises induced Mr. Alghanmiyeen to perform work for the Defendants that Mr. Alghanmiyeen would not have performed but for their promises.

53. Mr. Alghanmiyeen relied upon the Defendants' promises to his detriment, ultimately receiving a lower wage rate (both as to straight-time and overtime) than they had been promised for the work that he performed, and he was not paid for all hours worked.

54. As a result of the Defendants' conduct, Mr. Alghanmiyeen suffered damages in the form of lost wages.

## V.  Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED**, Mr. Alghanmiyeen prays for the following relief:

1. That proper process issue and be served upon all Defendants and that they be required to appear and answer this Complaint within the time required by law;

2. That this case be tried by a jury of 8.

3. That the Court enter a judgment in favor of Mr. Alghanmiyeen and against Defendants on all counts in this action;

4. That upon the trial of this action, Mr. Alghanmiyeen be awarded unpaid overtime wages, liquidated damages, together with prejudgment and post-judgment interest; and costs, expenses, attorneys' fees, and such other legal and equitable relief to which he may be entitled;

6. That all costs of this cause be taxed to Defendants; and

8. That the Court award such other and further relief to which Mr. Alghanmiyeen may be entitled.

Respectfully submitted,



By: /s/Thomas W. Shumate
Thomas W. Shumate IV (#019595)
Summer J. Melton (#036873)
2900 Vanderbilt Place, Suite 100
Nashville, TN 37212
615-229-7499 (office)
615-229-7498 (fax)
tom.shumate@meridian.law
summer.melton@meridian.law
*Attorneys for Plaintiff Hazem Alghanmiyeen*